# STATE OF FLORIDA v OROZCO

## Case No. 88-7518CF-10B

Seventeenth Judicial Circuit, Broward County

March 13, 1989

### APPEARANCES OF COUNSEL

**Steven Hammer,** Office of the State Attorney, for plaintiff.

**Patrick Ratstatter,** for defendant.

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

THIS CAUSE was considered by the Court on the Defendant's Motion to Suppress Evidence (Cocaine).

HEARING on the Motion was held in open Court on February 14, 1989.

THE COURT having considered the grounds for the Motion, taken testimony, heard argument of counsel, considered the Memorandum of Law filed by the State and Defendant and considered the applicable law finds:

The testimony of Detective Brezinski indicated that he and his partner were at the airport as part of a drug interdiction unit when they approached the Defendant.

After the Defendant passed through the magnetometer, Detective Hendrick asked if he could search the Defendant's carry-on baggage, which passed through the x-ray machine without incident. After receiving consent to do so, Detective Hendrick searched the baggage, but did not find any contraband. The Detective then approached the Defendant and asked to search his person. At this time the Defendant stepped back and Detective Brezinski testified that Detective Hendrick reached for the Defendant, grabbed the outer shirt and lifted same up thereby seizing the package that was taped to the Defendant's body.

The Defendant's actions in stepping back upon the Detective's request to search his constituted a nonverbal withdrawal of any consent that may have been given. Additionally, Detective Brezinski's testimony indicated that the unit was there for drug interdiction, consequently, *Shapiro v State,* 390 So.2d 344 (Fla. 1980), is inapplicable. Moreover, since Detective Hendrick searched the Defendant's carry on bags first, it is unreasonable to believe that the subsequent seizure of the contraband was actually a search for a weapon. Finally, although *Merritt v State,* 519 So.2d 36 (Fla. 3d DCA 1987), extended *Shapiro* by allowing a pat down for the dual purpose of discovering weapons or contraband, in the case sub judice, Detective Hendrick's actions in immediately grabbing for the Defendant and lifting his outer shirt when he stepped away did not constitute a limited pat down envisioned by *Terry v Ohio,* 392 U.S. 1 (1968).

BASED on the foregoing findings and conclusions, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress the evidence seized in this case is granted.

DONE AND ORDERED this 13th day of March, 1989.